UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN T. MACDONALD JR., CHELSEA A. PEJIC,
SHAWN HAFF, STEVEN BARON, DIMPLE KUMAR,
CARRIE KALBFLEISCH, ANDERS CHRISTENSEN,
DANNY WAKEFIELD, DAN GUINN,
BENJAMIN FORSGREN, SHANE HOBBS, and
KEVIN PRINCE,

    Plaintiffs,                 Case No. 11-cv-00831

vs.                             Hon. Gordon J. Quist

THOMAS M. COOLEY LAW SCHOOL and      **ORAL ARGUMENT**
DOES 1-20,                          **REQUESTED**

    Defendants.

___

Strauss Law PLLC
Jesse Strauss
305 Broadway, 9th Floor
New York, NY 10007
(212) 822-1496
jesse@strausslawpllc.com
(212) 822-1496

The Hyder Law Firm, P.C.
Steven Hyder (P69875)
PO Box 2242
Monroe, MI 48161
(734) 757-4586
hyders@hyderlawfirm.com
Attorneys for Plaintiffs

Miller, Canfield, Paddock and Stone, PLC
Michael P. Coakley (P34578)
Brad H. Sysol (P58138)
Paul D. Hudson (P69844)
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
coakley@millercanfield.com
sysol@millercanfield.com
hudson@millercanfield.com
Attorneys for Defendant
Thomas M. Cooley Law School

___

**DEFENDANT'S BRIEF REGARDING
NEW SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFFS' AMENDED COMPLAINT (DKT. 30)</u>**

> *"[T]he issues posed by this case exemplify the adage that not every ailment afflicting society may be redressed by a lawsuit."*

*Gomez-Jimenez, et al. v New York Law School and Does 1-2*0, Index No. 652226/11, Seq. No. 002, Decision and Order (Schweitzer, J., March 21, 2012), attached as Exhibit 1.

\* \* \* \* \* \* \* \*

Based on leave sought and granted under W.D. Mich. LCivR 7.2(c), Cooley submits this supplemental brief to bring to the Court's attention a March 21, 2012 decision of the New York Supreme Court that solidly supports Cooley's fully briefed and pending motion to dismiss Plaintiffs' Amended Complaint in this case.

Specifically, the New York Supreme Court entered a final decision and order that dismissed a class action lawsuit against New York Law School that mirrored the instant class action against Defendant Thomas M. Cooley Law School ("Cooley"). *See* Ex 1, March 21, 2012 Decision and Order in *Gomez-Jimenez, et al v New York Law School and Does 1-20* (Index No. 652226/11). As the allegations in the New York Law School Amended Complaint were nearly identical to the allegations made in the Amended Complaint here, the New York Supreme Court's conclusions that several fatal flaws in the complaint there warranted dismissal of that case are highly persuasive here, lending further relevant support for this Court to grant Cooley's pending motion to dismiss.

As noted in Cooley's motion to dismiss, the *New York Law School* case was filed on the same day as the Cooley class action, by the same law firm, with nearly identical allegations save the swapping of school names and biographical information about each plaintiff. *See* ECF 30 at 6 (comparing allegations in the two complaints). Both actions alleged fraud, negligent misrepresentation, and violation of each state's respective consumer protection statute based on

admittedly accurate graduate employment and salary data that both law schools reported in accordance with ABA standards, but which each set of plaintiffs alleged to be fraudulent and misleading.

For example, as in this case, Plaintiffs there alleged that New York Law School misrepresented employment data by including both part-time and non-legal jobs in its statistics and misrepresented salary data by reporting data for only the graduates who responded to the graduate surveys. As in this case, Plaintiffs there alleged they relied on the reported data when deciding whether to enroll in and remain in law school, and that they were damaged because they were misled into believing their job prospects were better than ultimately turned out to be the case. And, as in this case, Plaintiffs there claimed that they should be awarded the difference between what they paid for their law degree and what it is actually worth.

Notably, the New York Supreme Court resoundingly rejected and dismissed all of Plaintiffs' claims. The Court found three major deficiencies with the pleadings there, any one of which apparently would have been fatal to Plaintiffs' claims:

- NYLS's statements on employment and salary data were not materially misleading
- Plaintiffs could not have reasonably relied on the alleged misrepresentations, and
- Plaintiffs' theory of damages was too speculative and remote to be cognizable

The New York Court found that while Plaintiffs assumed NYLS's employment statistics were for full-time permanent positions for which a law degree was required or preferred, "[n]o such statement [wa]s made by NYLS in its marketing materials." *Id* at 12. Cooley's materials similarly do not contain any such claim. *See* Exs 2-5 to the Amended Complaint. The Court determined that such statements therefore could not be materially misleading to a *reasonable* consumer. *See* Ex 1 at 12.

The Court affirmed that fraud and misrepresentation claims require reasonable reliance on the allegedly misleading statement. *See id* at 28. It found that Plaintiffs' own complaint – which cited NALP employment reports, studies, and news articles, just as Plaintiffs' complaint does here – confirmed they had "available to them any number of sources of information to review when making their decisions." *Id.* The Plaintiffs in this case allege generally those same NALP reports, studies, and news articles in their complaint. Given the "many sources of information" Plaintiffs cited in their complaint, the *New York Law School* Court determined Plaintiffs "had ample opportunity to discover their realistic post graduation employment prospects" and it would not be reasonable to confine their research and reliance "solely on what amounts to just two sentences in NYLS's marketing materials." *Id* at 29. The blind, narrow reliance Plaintiffs allege in this case is no different and similarly unreasonable.

Further, as Plaintiffs' New York complaint acknowledged that the 2008 Great Recession decreased the available jobs in the legal job market by half, the Court there determined that it was "simply not plausible" for Plaintiffs to claim they relied on the NYLS data to stay in law school, or to conclude they were guaranteed a job in the legal profession within nine months of graduation. *Id* at 29, 17.

Finally, the New York Supreme Court determined that Plaintiffs' damages theory was entirely too speculative:

> …plaintiffs are asking this court to measure the "true value" of a NYLS degree which allegedly misrepresented the chances that NYLS graduates could obtain full-time, permanent employment for which a J.D. degree was required or preferred….
>
> The starting point of any such measurement is beyond this court, and perhaps this is why plaintiffs fail to allege any method by which any theoretical damages ever could be calculated.

3

*See* Ex 1 at 22. The Court also found that Plaintiffs' desired measure of damages was too speculative because there had been a supervening event: the Great Recession of 2008 and its aftermath. "Plaintiffs' own complaint acknowledges that one would have to 'bury [his/her] head in the sand' to miss the 'brutal reality of the current economic environment,' and that we are witnessing 'one of the grimmest legal job markets in decades." *Id* at 22-23. As such, the Great Recession "wreaked havoc throughout the legal job market and upset the plans of most recent law graduates wherever they have attended law school." *Id* at 34. Plaintiffs cannot close their eyes to what is in plain sight before them and then claim fraud.

Plaintiffs allege the same speculative damage theories in this case. *See* Amended Complaint Prayer for Relief at p 64 ¶ 3. They merit the same disposition rendered by the New York Supreme Court.

Because Plaintiffs' claims here share all of the fatal flaws that the New York Supreme Court cited as grounds to dismiss a carbon-copy lawsuit against New York Law School, as well as for all of the other reasons that Cooley previously fully briefed, Cooley's pending motion to dismiss the Amended Complaint should be granted forthwith.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        By: s/ Brad H. Sysol                            .
            Michael P. Coakley (P34578)
            Brad H. Sysol (P58138)

Paul D. Hudson (P69844)
Attorneys for Defendant Thomas M. Cooley Law School
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
coakley@millercanfield.com
sysol@millercanfield.com
hudson@millercanfield.com

March 23, 2012

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 23, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record:

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: s/ Brad H. Sysol
    Michael P. Coakley (P34578)
    Brad H. Sysol (P58138)
    Paul D. Hudson (P69844)
    Attorneys for Defendant Thomas M. Cooley Law School
    150 West Jefferson, Suite 2500
    Detroit, MI 48226
    (313) 963-6420
    coakley@millercanfield.com
    sysol@millercanfield.com
    hudson@millercanfield.com

March 23, 2012

19,965,385.1\018763-00021